IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

                        **Petitioner,**

      v.                                                 CASE NO. 23-3082-JWL

**J. ARMBRISTER,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner John Timothy Price's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) When Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 27, 2023, he neither paid the statutorily required $5.00 filing fee nor filed a motion for leave to proceed in forma pauperis. Thus, the Court issued a notice advising Petitioner that he was granted until April 26, 2023, in which to either pay the $5.00 filing fee or submit a complete motion to proceed in forma pauperis. (Doc. 2.) The NOSC advised Petitioner that "[i]f you fail comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.*

The deadline set forth in the notice has passed and Petitioner has neither paid the statutory filing fee nor submitted a motion to proceed in forma pauperis. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the Court's orders, the Court concludes that this matter should be dismissed under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a

certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 3rd day of May, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge